UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2013
DECEMBER 16, 2014 SESSION



FILED
DEC 17 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.                            CRIMINAL NO. 5:14-00265
                              18 U.S.C. § 1512(d)(4)
                              18 U.S.C. § 2

SCOTTY ROSE

### I N D I C T M E N T

(Tampering with a Witness, Victim, or an Informant)

The Grand Jury Charges:

At all relevant times herein:

1. Federal Correctional Institution Beckley ("FCI Beckley") was a medium security federal correctional institution housing approximately two thousand male inmates in the prison complex and the adjacent minimum security satellite camp.

2. In August of 2012, the Federal Bureau of Investigation ("FBI") began an investigation of a person known to the grand jury ("target") related to methamphetamine trafficking. The target was incarcerated in the Pine B - Upper Housing Unit within FCI Beckley.

3. In furtherance of the investigation, the FBI enlisted the aid of another inmate within the Pine B - Upper Housing Unit. The inmate was designated as a confidential human source

("CHS") by the FBI. The CHS was to approach the target and develop information related to the target's criminal acts.

4. In furtherance of the investigation, the FBI used a recording device with the CHS. To ensure secrecy and privacy, the CHS was fitted with the recording device in the FCI Beckley, Health Services Department - a medical clinic within the FCI Beckley Complex.

5. The CHS was able to speak with the target on multiple occasions in furtherance of the investigation in 2012 and 2013. The CHS met with the FBI and turned the recordings of these conversations over to the FBI by way of a Bureau of Prison's Counselor.

6. Defendant SCOTTY ROSE worked as a physician's assistant in the FCI Beckley Health Services Department. As such, he provided general care to and triage of FCI Beckley inmates.

7. Defendant SCOTTY ROSE knew that the FBI was meeting with the CHS and that the CHS was wearing a recording device for the FBI.

8. On or about February 6, 2013, defendant SCOTTY ROSE met with an inmate known to the grand jury ("Known Inmate") in the FCI Beckley Health Services Department. Defendant SCOTTY ROSE informed the Known Inmate that the CHS was wearing a recording device and otherwise assisting the FBI with an

investigation. Defendant SCOTTY ROSE expected the Known Inmate to tell other inmates about the CHS's cooperation with FBI.

9. Defendant SCOTTY ROSE knew that once other inmates learned that the CHS was working with the FBI, the CHS would fear for his safety due to threats, harassment, or physical harm caused by other inmates. Defendant SCOTTY ROSE also knew the CHS would be forced to transfer from FCI Beckley for the CHS' own safety.

10. Upon receiving the information that the CHS was working with the FBI and wearing a recording device, the Known Inmate returned to the Pine B Upper Housing Unit and informed other inmates that CHS was an informant working with the FBI and wore a recording device.

11. Because of the disclosure of the CHS's status, the CHS was repeatedly confronted by other inmates about wearing a recording device and otherwise working with the FBI. The CHS was forced to stay in a Special Housing Unit within FCI Beckley for his own safety and protection.

12. As a result of defendant SCOTTY ROSE's disclosing to the Known Inmate the CHS was working with the FBI, the CHS was no longer able to safely approach the target in the Pine B Upper Housing Unit. As such, the FBI investigation of the target was terminated.

13. On or about February 6, 2013, at or near Beaver, Raleigh County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant SCOTTY ROSE, aided and abetted by the Known Inmate, did intentionally cause the CHS to be harassed and intentionally attempted to have the CHS to be harassed, and did thereby hinder, delay, prevent, and dissuade the CHS from causing a criminal prosecution to be sought and instituted, and assisting in such prosecution and proceeding.

In violation of Title 18, United States Code, Sections 1512(d)(4) and 2.

        UNITED STATES OF AMERICA

        R. BOOTH GOODWIN II
        United States Attorney

By: _____
     ERIK S. GOES
     Assistant United States Attorney